USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4 2 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

SAMANTHA SAMUELS,

                Defendant.

------------------------------------X

S1 08 Cr. 08-03(RWS)

SENTENCING OPINION

**Sweet, D.J.**

        On August 20, 2008, Samantha Samuels ("Samuels" or "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with an intent to distribute crack cocaine in violation of 21 U.S.C. § 846. For the reasons set forth below, Samuels will be sentenced to time served and 3 years supervised release. Samuels will also be required to pay a special assessment of $100.

**Prior Proceedings**

        On March 31, 2008, Ten-count Superseding Indictment S1 08-CR-0008 (RWS) was filed against Samuels in the Southern District of New York. The sole count for which Samuels has been

1

convicted, Count 1, charged that from at least April 2007, up to November 2007, in the Southern District of New York and elsewhere, Samuels conspired with others to distribute and possess with intent to distribute fifty grams or more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 U.S.C. 812, 841(a)(1), and 841(b)(1)(A).

On August 20, 2008, before the Honorable Michael H. Dolinger, Samuels entered a plea of guilty to Count 1 in accordance with a plea agreement.

On March 30, 2009, the Court received a letter from the Defendant requesting a sentence that departed downward from the advisory Sentencing Guidelines (the "Guidelines") range of 70 to 87 months' imprisonment set forth in the Probation Department's Presentence Investigation Report ("PSR").

Defendant's sentencing is scheduled for April 6, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in

2

United States v. Booker, 543 U.S. 220 (2005), and the Second
Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d
Cir. 2005), the sentence to be imposed was reached through
consideration of all of the factors identified in 18 U.S.C. §
3553(a), including the advisory Guidelines established by the
United States Sentencing Commission. Thus, the sentence to be
imposed here is the result of a consideration of:

(1)  the nature and circumstances of the offense and
     the history and characteristics of the defendant;

(2)  the need for the sentence imposed --

     (A)  to reflect the seriousness of the offense,
          to promote respect for the law, and to
          provide just punishment for the offense;

     (B)  to afford adequate deterrence to criminal
          conduct;

     (C)  to protect the public from further crimes of
          the defendant; and

     (D)  to provide the defendant with needed
          educational or vocational training, medical
          care, or other correctional treatment in the
          most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range
     established for --

     (A)  the applicable category of offense committed
          by the applicable category of defendant as
          set forth in the guidelines ...;

(5)  any pertinent policy statement ... [issued

3

by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a non-Guidelines sentence is warranted in the instant case.

**The Defendant**

The following description draws from the PSR. The specific facts of the Defendant's personal and family history

4

are adopted as set forth in that report.

Samuels was born on April 23, 1988, in Queens, New York. She is the eldest of four children (ranging from 19 to 14 years of age) born to Michael Samuels and Amoy Tang. Samuels and her siblings currently all reside with their mother in the Bronx.

Samuels related to the probation officer that she was raised under poor economic circumstances by her parents in the Bronx, noting that "we struggled." Her father was employed at a Modell's warehouse and her mother was employed as an office worker and then a home health aide before being laid off. Samuels reported that they "kicked her father out" of their home when she was 16 years old due to his crack addiction and abusive ways towards her mother. Samuels noted that "everything was falling apart at that time. My father become tough on me and abusive towards my mother." Samuels's father was last known (as of 2006 or 2007) to be residing in Jamaica, West Indes, and has never responded to her letters. Samuels later dropped out of school to start working to support her family, often providing her mother with her entire paycheck.

Samuels stated that she was reared in a very tight-knit family and has only kept her drug addiction from her family. Her abuse of crack began in February 2007 and ended in November 2007. She reported using crack "once or twice a day," by herself. She reported spending $30 per use on this substance. She has stated that she never wants to be near drugs again, that she no longer has any cravings to use drugs, and that she is "done with drugs, totally done."

Samuels attended Richard R. Green High School of Teaching from September 2002 until September 2004, at which time she was transferred to Chelsea High School. She attended Chelsea High School until April 2006, but did not graduate. She also attended Interboro Institute from September 2007 until December 2007.

**The Offense Conduct**

The following description draws from the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

Between at least April 2007 and November 2007, a

6

narcotics dealing organization, known as the "Chief Set," controlled the cocaine and cocaine base (crack) distribution business in the area of the Sedgwick Houses, a housing project located in the Bronx, New York at 140 174th Street. Members of the Chief Set, including Shaun Dozier and Shannon Dozier, carried and used weapons in furtherance of the narcotics conspiracy. An investigation by the New York City Police Department and the Drug Enforcement Administration led to the successful introduction of two undercover police officers (the "UCs") into the Dozier Organization in 2007. The UCs successfully purchased large amounts of cocaine base from Shannon Dozier, Shaun Dozier, Samantha Samuels, and other members of the organization. As a result of these purchases, several of which were recorded on audio listening devices, a grand jury in the Southern District of New York returned Superseding Indictment 08 Cr. 08 in January of 2008.

On April 11, 2007, Samantha Samuels, Shaun Dozier, and an unidentified co-conspirator sold approximately two bags of crack cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York.

Samuels was arrested on January 9, 2008.

7

**The Relevant Statutory Provision**

Count 1 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 21 U.S.C. § 846 (21 U.S.C. §841(b)(1)(A)).

A term of supervised release of at least five years is required pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A) where a sentence of imprisonment is imposed.

The Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2)and 21 U.S.C. §§ 846, 841(b)(1)(A).

The maximum fine for the instant offense is $4,000,000 pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A).

**The Guidelines**

The November 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this

8

case for calculation purposes, pursuant to § 1B1.11(a).

The guideline for the violation of 21 U.S.C. § 846 is found in §2D1.1. Because the offense involved at least 150 but less than 500 grams of cocaine base, the base offense level pursuant to § 2D1.1(c)(4) is 32.

Based on the information currently available to the Government, the Defendant appears to meet the criteria set forth in subdivisions (1)-(5) of § 5C1.2(a). Accordingly, a 2-level decrease is warranted pursuant to § 2D1.1(b)(11).

Because Samuels has shown recognition of responsibility for the offense a decrease of 2 levels pursuant to § 3E1.1(a) is warranted. Defendant's timely notification of her intention to plead guilty, thus allowing the Government to allocate its resources more efficiently warrants a further reduced by one level pursuant to § 3E1.1(b).

Accordingly, the applicable offense level is 27.

On October 17, 2007, Samuels was arrested for Unlawful Possession of Marijuana and was sentenced to a $100 fine.

9

Pursuant to §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

A total of one criminal history point establishes a Criminal History Category of I, pursuant to the table at Chapter 5, Part A of the Guidelines.

Based on a total offense level of 27 and a Criminal History Category of I, the Guidelines range for imprisonment is 70 to 87 months. Title 21, U.S.C. § 841(b)(1)(A) requires a statutory minimum term of imprisonment of 120 months. Pursuant to the provisions of 18 U.S.C. § 3553(f), the Defendant appears to meet the criteria for imposition of a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence. Accordingly, the Sentencing Guidelines range is 70 to 87 months.

The Guideline range for a term of supervised release is five years, the minimum required by statute, pursuant to Section 5D1.2(c). Application Note #2 of Section 5D1.2 provides that a defendant who qualifies under Section 5C1.2 is not subject to any statutory minimum sentence of supervised release. The Guideline range for a term of supervised release is

10

therefore three to give years, pursuant to Section 5D1.2(a)(1).

Because the instant offense is one for which probation has been expressly precluded by statute, the Defendant is not eligible for probation pursuant to § 5B1.1(b)(2).

The fine range for the instant offense is from $12,500 to $4,000,000 pursuant to §§ 5E1.2(c)(3)(A) and (c)(4). Subject to the Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,076.83 to be used for imprisonment, a monthly cost of $301.80 for supervision, and a monthly cost of $1,905.92 for community confinement.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in

11

accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, and in particular 18 U.S.C. § 3553(a)(1), imposition of a non-Guidelines sentence is warranted.

## Justification for Downward Departure

Title 18 U.S.C. §3553(a)(1) directs the Court to consider "the history and characteristics of the defendant" when determining the appropriate sentence. As noted by the Probation Officer in his report, Samuels was raised under poor economic circumstances with an abusive father addicted to crack. She dropped out of school in order to support her family, and she has stated that her sale of narcotics was for economic reasons. Her abuse of crack was never extensive, and she reportedly stopped abusing and selling crack in November 2007 on her own initiative, two months prior to her arrest. The probation officer noted in the PSR that her abuse of drugs was a source of embarrassment to her and kept from her family, and Samuels has stated that she has no desire to ever use drugs again.

Samuels has acknowledged responsibility for her

12

actions, stated that she has learned a valuable lesson from it, and seeks move forward to become a productive member of society. Her 15 months of incarceration reflect the positive change that the Defendant seeks to make in her life. She has successfully completed a typing class, undergone Inmate Companion Training, is pursuing classes in order to earn a GED degree, and leads a trusted cleaning crew that is permitted access to nearly all parts of the MDC. She has never been written up for a disciplinary infraction while in custody. Upon her return to society, Samuels appears well positioned to complete her education and pursue gainful employment in support of her family.

Because a term of incarceration beyond time already served would not serve the goals of the penal system with respect to this Defendant, a downward departure from the Guidelines is appropriate.

**The Sentence**

For the instant offense, Samuels will be sentenced to time served and a three-year term of supervised release.

13

Samuels is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence a three-year term of supervised release. It is recommended that Samuels be supervised by the district of her residence.

As mandatory conditions of her supervised release, Samuels shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions that:

(1) Defendant shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation.

14

Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(3) Defendant participate in a continuing education program until she acquires a GED.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

15

The terms of this sentence are subject to modification at the sentencing hearing scheduled for April 6, 2009.

It is so ordered.

**New York, NY**

**April 2, 2009**

ROBERT W. SWEET
U.S.D.J.

16